IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY J. SCOTT GULLO,

                                                                                OPINION AND ORDER

             Plaintiff,

                                                                                    21-cv-86-bbc

    v.

SAUK COUNTY JAIL MEDICAL, NURSE CHRIS
AND DR. HORTON,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Anthony J. Scott Gullo has filed a civil action under 42 U.S.C. § 1983, alleging that medical staff at Sauk County jail violated his constitutional rights by misdiagnosing his wrist injury. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. For the reasons below, I am dismissing the complaint for plaintiff's failure to state a claim upon which relief may be granted.

OPINION

      Plaintiff alleges that while he was incarcerated at Sauk County jail in May 2020, he suffered from wrist pain. He received an x-ray, and jail medical staff diagnosed a degenerative cyst in plaintiff's wrist. Plaintiff alleges that medical staff misinterpreted the x-ray. Plaintiff alleges that as a result of jail medical staff's misdiagnosis, he did not receive

the correct treatment and experienced unnecessary pain. Plaintiff was eventually seen by an outside provider in August 2020, who diagnosed a wrist scaphoid bone fracture. Plaintiff contends that jail medical staff violated his constitutional rights by misdiagnosing his wrist problem.

The first question is what legal standard applies to plaintiff's claims. Different standards apply to an incarcerated person's medical care claims brought under the Constitution depending on the legal status of the plaintiff: the Eighth Amendment governs claims of convicted prisoners, and the Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees. Collins v. Al-Shami, 851 F.3d 727, 731 (7th Cir. 2017). This distinction matters because, under the Eighth Amendment, convicted prisoners generally need to show that the defendant intentionally harmed them or acted with deliberate indifference toward a risk of harm to them. Kingsley v. Hendrickson, 576 U.S. 389, 396–400 (2015). Pretrial detainees (who are not convicted prisoners) need not prove the defendant's subjective state of mind to prove a claim under the Fourteenth Amendment; they need show only that the defendant's actions were "objectively unreasonable." Id.

It appears from Wisconsin's online court records that plaintiff was detained at the jail as a result of a probation violation, but the Court of Appeals for the Seventh Circuit has so far avoided deciding which standard applies to probationers awaiting a hearing on a probation violation. See, e.g., Estate of Clark v. Walker, 865 F.3d 544, 546 n.1 (7th Cir. 2017); Palmer v. Marion Cty., 327 F.3d 588, 592–93 (7th Cir. 2003); Brandy v. Marquette Cty. Jail, No. 20-CV-502-JDP, 2020 WL 4219825, at *2 (W.D. Wis. July 23, 2020).

2

Because the Fourteenth Amendment is an easier standard for plaintiff to meet, I will assume that the Fourteenth Amendment, rather than the Eighth Amendment, applies for the purposes of this order.

A jail official violates the Fourteenth Amendment if the official's actions are "objectively unreasonable." Miranda v. County of Lake, 900 F.3d 335, 350-53 (7th Cir. 2018). To state a claim that jail staff violated his Fourteenth Amendment rights to adequate medical care, plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) jail staff's response to it was objectively unreasonable. Id. at 352-53.

Plaintiff's allegations are not sufficient to state a Fourteenth Amendment claim against any defendant. He alleges that medical staff misinterpreted his x-ray and misdiagnosed his injury. But these allegations suggest that medical staff acted negligently, at most; the allegations do not suggest that medical staff's actions were objectively unreasonable. Dunigan ex rel. Nyman v. Winnebago Cty., 165 F.3d 587, 592 (7th Cir. 1999) (misdiagnosis is "possible evidence of negligence or malpractice," but "does not implicate constitutional concerns"). Negligence by correctional officials "is not enough" to state a constitutional claim. Smith v. Sangamon Cty. Sheriff's Dep't, 715 F.3d 188, 191 (7th Cir. 2014) (citations omitted); see also Miranda, 900 F.3d at 353 ("[I]t will not be enough to show negligence or gross negligence.") (citations omitted). Accordingly, plaintiff's allegations do not state a federal claim against any defendant. Therefore, his complaint will be dismissed.

ORDER

IT IS ORDERED that plaintiff Anthony Gullo's complaint is DISMISSED for failure to state a federal claim upon which relief may be granted. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

Entered this 21st day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge